[Civil No. 4279.   Filed February 10, 1941.]

[110 Pac. (2d) 227.]

HELEN SPRAGUE ZELIFF PHEN, Appellant, v. ALL AMERICAN BUS LINES, INC., a Corporation, and CLYDE E. HENDRIX, Appellees.

Mr. Theodore G. McKesson and Mr. Francis M. Sassé, for Appellant.

Mr. Henderson Stockton, Mr. Eli Gorodezky, Mr. S. N. Karam, and Mr. J. W. Cherry, Jr., for Appellees.

LOCKWOOD, C. J.—This is an appeal by Helen Sprague Zeliff Phen from an instructed verdict and judgment against her in an action wherein she was plaintiff and All American Bus Lines, Inc., a corporation, and Clyde E. Hendrix were defendants.

The case came on for trial before the court sitting with a jury, and plaintiff testified, in substance, that on October 4, 1937, she was a paid passenger on the bus of defendant company which at the time was driven by defendant Hendrix; that while she was reclining and sleeping in the front seat on the left-hand side of the bus behind the driver, she was suddenly

thrown from her seat to the floor and sustained severe bodily injuries, but knew nothing personally as to the physical facts which caused these injuries. She further offered the testimony of the defendant driver to the effect that her fall and injury were the result of a collision between the bus of defendant company and another automobile driven by a man named Lombard. This was all the evidence offered on behalf of plaintiff except as to the extent of her injuries. Defendant company produced some five witnesses who were also passengers on the bus at the time of the collision and who were shown to be in no way interested in the result of the case. Their testimony was, in substance, that the bus at the time of the collision was in its proper location on the right-hand side of the center of the road, proceeding at a reasonable rate of speed, and that the automobile driven by Lombard swerved from its proper side of the road and ran directly into the bus about two feet back of the front end of its left-hand side, the impact throwing plaintiff from her seat. There was also testimony from a passerby to the same effect as to the collision. Plaintiff offered no evidence tending in any way to contradict the statement of these six witnesses.

The appeal is predicated upon the theory that the rule of *res ipsa loquitur* applied and that such being the case the question of whether defendant was negligent was for the jury and not for the court. There is probably as much confusion over the meaning, applicability and effect of this rule as over any other principle of law. We think the general rule may be illustrated thus: A is injured as a result of an accident and brings suit against B, alleging the latter to have negligently caused the accident. If the ordinary, reasonable man, knowing merely the physical facts and circumstances surrounding the accident, but not the cause thereof, would say to himself that

under the common experience of mankind the accident would not have happened if defendant had not been negligent, the law applies the rule of *res ipsa loquitur* and the jury is permitted to infer from these circumstances, if it so desires, that the negligence of defendant was the cause of the accident. The application of this rule, however, is limited by certain things: (a) The apparatus or thing causing the accident must be such that under ordinary circumstances no injurious operation would be expected unless from the careless construction, inspection or user thereof; (b) both the inspection and the user of the apparatus must have been at the time of the injury in the control of the party charged with negligence; and (c) the injurious occurrence must have happened regardless of any voluntary action at the time by the party injured. If nothing further appears, it is a case for the application of the rule. If, however, there are two concurring causes of the accident, one of which is under the control of a stranger, and there is no evidence it was any more likely that the injury was caused by the negligence of defendant than by that of the stranger, the rule does not apply. Further, if the uncontradicted testimony of disinterested witnesses shows clearly that there was no negligence on the part of defendant and that the accident was caused solely by the negligence of a third party, the case is one for the court and not for the jury.

We have in this jurisdiction two leading cases upon the rule of *res ipsa loquitur*. The first in point of time is *Pickwick Stages Corp.* v. *Messinger,* 44 Ariz. 174, 36 Pac. (2d) 168. The second is *Stewart* v. *Crystal Coca-Cola Bottling Company,* 50 Ariz. 60, 68 Pac. (2d) 952. In the first case we held the rule applied, since the evidence showed clearly that defendant had absolute control of the instrumentality which caused the injury, and the accident was such as in the ordi-

nary course of events would not have happened if defendant had used proper care. In the second it appeared that it was just as reasonable that the accident was not caused by the negligence of defendant as that it was, and we held that the rule did not apply.

It is of little value to discuss any of the innumerable precedents in which it was sought to apply the rule, for the correctness of the decision in each case must depend upon the particular facts of that case. It is almost impossible to find two cases which are exactly alike or near enough so that the facts in one may be used as a precedent for the application of the rule in another.

The undisputed evidence shows that plaintiff was thrown from her seat as a result of the collision of two automobiles operated entirely independently of each other. Upon this situation alone there is no more reason to believe the negligent operation of the instrumentality in the charge of defendant caused her injury than that it was the carelessness of the driver of the other car.

But even if it be admitted that plaintiff's showing was sufficient to invoke the operation of the rule, if it appears clearly from the uncontradicted testimony of disinterested witnesses that it was the negligence of the operator of the other automobile which caused the injury, the court properly instructed the verdict. We have held repeatedly that a jury may not, as a matter of law, disregard the uncontradicted testimony of disinterested witnesses in regard to a fact. *Illinois Bankers' Life Assn.* v. *Theodore,* 44 Ariz. 160, 34 Pac. (2d) 423; *Crozier* v. *Noriega,* 27 Ariz. 409, 233 Pac. 1104; *Otero* v. *Soto,* 34 Ariz. 87, 267 Pac. 947. The five passengers on the bus and the eye-witness nearby all testified positively and unequivocally that the bus was proceeding with proper circumspection and observing the rules of the road, and that

the accident was caused by the negligence of the driver of the other automobile. Their testimony was in no manner discredited nor contradicted. This, as a matter of law, overcame any inference or presumption which was permissible under the rule of *res ipsa loquitur*.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.