177 P.2d 229

## ALEXANDER v. PACIFIC GREYHOUND LINES, Inc., et al.

No. 4800.

Supreme Court of Arizona.

Jan. 27, 1947.

Baker and Whitney, of Phoenix, for appellees.

STANFORD, Chief Justice.

We will style the appellant the plaintiff, the appellee, the defendant.

Defendant's bus going to Globe, Arizona, and other points east, left the bus station in Phoenix, at a time between 6:40 and 7:00 o'clock P.M., on December 24, 1941. Plaintiff was a passenger on the bus and had bought her ticket for Globe. The bus made but one stop between Phoenix and the place of accident hereinafter referred to, the stop being made at Mesa, Arizona, where plaintiff claimed the stop was for five to ten minutes. At the time of the accident, defendant claims the bus was traveling at a rate not in excess of 45 miles per hour. Plaintiff testified, however, that she believes the bus was traveling at a rate of 55 to 65 miles per hour. Testimony shows that the place where the accident occurred was a point half way between Apache Junction and Florence Junction, a distance of only 40 miles from Phoenix and the accident occurred at 8:15 P.M. Before the accident the bus driver saw approaching on the highway from the east another automobile which later proved to be an Essex. The Essex apparently had good lights and when the bus driver first observed the Essex, it was about one-half mile away. The bus driver dimmed the lights of the bus when the Essex approached, and testimony shows that the bus was being driven

V. L. Hash, of Phoenix, for appellant.

at least three or four feet to the right of the middle line of the highway. The Essex kept on its right-hand side of the line, in which it was driving until it was within 20 or 30 feet of the bus when it swerved to the left side of the middle line and struck the bus at the left-hand front corner, or the corner next to the approaching Essex. By reason of the impact the floor boards of the bus were knocked out and the bus was caused to leave the highway, and was brought under control some 400 feet distant after striking a palo verde tree.

Plaintiff claims damages for injuries received and for medical and hospital expenses aggregating the sum of $6,800.

At the close of plaintiff's case, defendant moved for an instructed verdict which was granted, and from the order granting an instructed verdict, and from denial of a motion for new trial plaintiff appeals to this court.

By assignments of error plaintiff contends that the court erred in directing a verdict for defendant because plaintiff had made out a prima facie case of negligence by proving injuries to her; that plaintiff's proof established negligence by defendant and such acts became a question of fact for the jury.

Other errors assigned were: "That the court erred in denying the plaintiff the right to a trial amendment to the effect that the bus was not equipped with adequate brakes" and "That the court erred in holding that the law of the road was the law of the case as applied to the relation of passenger and carrier."

Among the cases submitted by plaintiff in support of the first group of assignments of error is Scarborough v. Urgo, 191 Cal. 341, 216 P. 584, 586. Without expressing the facts, the opinion in part reads: "In this class of cases a prima facie case of negligence is made out by proving that the passenger was injured while being carried as such, and, this being done, the carrier is called upon to rebut or overcome a presumption of negligence that follows from the mere fact of injury, by showing, if it can, the exercise of that degree of care which will excuse it under the rule of law above stated. Such a presumption is evidence in the case, but it has no greater or different effect than the testimony of witnesses, and in no degree changes the rule as to the burden of proof, viz. the burden of producing a preponderance of evidence. * * * When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

From our case of Phen v. All American Bus Lines, 56 Ariz. 567, 110 P.2d 227, 228, a case which was cited by plaintiff and quoted by defendant, we quote: "The appeal is predicated upon the theory that the rule of res ipsa loquitur applied and that such being the case the question of whether defendant was negligent was for the jury and not for the court. There is probably as much confusion over the mean-

ing, applicability and effect of this rule as over any other principle of law. We think the general rule may be illustrated thus: A is injured as a result of an accident and brings suit against B, alleging the latter to have negligently caused the accident. If the ordinary reasonable man, knowing merely the physical facts and circumstances surrounding the accident, but not the cause thereof, would say to himself that under the common experience of mankind the accident would not have happened if defendant had not been negligent, the law applies the rule of res ipsa loquitur and the jury is permitted to infer from these circumstances, if it so desires, that the negligence of defendant was the cause of the accident. The application of this rule, however, is limited by certain things: (a) The apparatus or thing causing the accident must be such that under ordinary circumstances no injurious operation would be expected unless from the careless construction, inspection or user thereof; (b) both the inspection and the user of the apparatus must have been at the time of the injury in the control of the party charged with negligence; and (c) the injurious occurrence must have happened regardless of any voluntary action at the time by the party injured. If nothing further appears, it is a case for the application of the rule. If, however, there are two concurring causes of the accident, one of which is under the control of a stranger, and there is no evidence it was any more likely that the injury was caused by the negligence of defendant than by that of the stranger, the rule does not apply. Further, if the uncontradicted testimony of disinterested witnesses shows clearly that there was no negligence on the part of defendant and that the accident was caused solely by the negligence of a third party, the case is one for the court and not for the jury."

The plaintiff, on cross-examination, testified:

"Q. You saw that Essex turn to its left very suddenly and crash into the front end of that bus, didn't you, you observed that yourself? A. Yes, sir.

"Q. In other words, the Essex very suddenly swerved to its left in front of the bus? A. It didn't get over in front of it, it hit it on the left hand corner.

\* \* \* \* \* \*

"Q. That bus driver had no opportunity whatever of avoiding that collision, did he? A. Well, they went together just so fast that I wouldn't know what the bus driver's opportunity would be in a case of that sort."

J. B. Gibson, Jr., who was the bus driver, was called for cross-examination by plaintiff and testified.

"Q. Now, Mr. Gibson, how many feet did you say you were from the car when you first saw it? A. I would judge a half a mile.

"Q. Did it change its course of travel with respect to the center line of the highway until the emergency—a state of emergency when you were right up close to-

gether? A. No, sir, it stayed on its side of the highway.

"Q. You saw it was hugging the exact center of the highway all that time? A. No, sir. It was hugging the extreme right hand side of the highway.

"Q. Did you in any way as you approached it—what did you notice happen within thirty or forty feet of the distance between the two cars, your bus and the car? A. Nothing until he swerved toward me.

"Q. What was the answer? A. I did not notice anything until he swerved toward me.

"Q. Was he still having the same position on the highway when it reached 20 or 30 feet of your bus? A. Yes, sir.

"Q. You never attempted to slacken your speed in any way? A. I traveled along about 45 miles an hour, I would judge.

"Q. Do you mean you were not going in excess of 45? A. No, sir.

\* \* \* \* \* \*

"Q. Well, the two cars impacted, and there was nothing at the time of the impact upon the highway immediately ahead of your bus, was there? A. No, sir.

In respect to the rule that "the thing speaks for itself", or res ipsa loquitur, we cannot see that plaintiff is entitled to reliance on that rule for the reason that plaintiff admits by her testimony that the accident was not due solely to some act of the defendant.

In re plaintiff's assignment "That the court erred in denying the plaintiff the right to a trial amendment to the effect that the bus was not equipped with adequate brakes", our rules as set forth in Section 21-449, Ariz.Code 1939, read as follows:

"Amendments to conform to the evidence.—* * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

We quote now from the transcript of evidence:

"Mr. Hash: If your Honor please, I am going to ask for a trial amendment. At this time, if your Honor please, I ask to amend my complaint to conform with the proof which I propose to offer, to-wit, by adding this allegation: 'That the defendant at the time of the said accident did not have its bus equipped with adequate brakes as required by the State laws of the State of Arizona.'

\* \* \* \* \* \*

"The Court: All right. If the Court permits you to amend, do you avow you have direct evidence of lack of brakes, or will you just merely infer from the fact that the bus ran off 400 feet that he never did have any brakes?

"Mr. Hash: The Court puts me on a spot. I don't want to make an avowal, but the point is this: I don't think the rules require me to make an avowal of what I propose to prove. If I understand those rules, the rules say that the Court may allow trial amendments, and it shall be permissible to conform with the proof. This is a carrier of passengers, charged with the highest duty of care towards a passenger, an entirely distinct situation from that of other people on the highway who are not passengers. I have a right to make proof of those facts and amend my complaint, but I will avow I will show by circumstances that this bus was not equipped with adequate brakes. I doubt whether I can show it by direct proof, but I can show it by circumstances.

"The Court: What do you want to do about answering if the Court allows him to amend?

"Mr. Baker: What is that?

"The Court: What do you want to do about answering if the Court allows him to amend?

"Mr. Baker: If the Court allows him to amend?

"The Court: Yes.

"Mr. Baker: I don't think he should be allowed to amend on that theory. He can go into the question—I am not challenging his right to go into the question why it traveled 400 feet after the accident. I am prepared to meet that, but not prepared to meet some wild charge as to what the condition of these brakes were sometime in the past.

"The Court: Sustained."

We believe the court's discretion was properly used.

■ Under the assignment that the court erred in holding "that the law of the road was the law of the case as applied to the relation of passenger and carrier", plaintiff quotes from Dennis v. Maher, 197 Wash. 286, 84 P.2d 1029, 1031, as follows: "It is unnecessary to pass upon the sufficiency of the evidence to support the other allegations of negligence set forth in the complaint; it is sufficient to state that the question of whether or not the stage was proceeding at an excessive and unlawful rate of speed, and whether the stage driver exercised reasonable care under the circumstances in applying his brakes and in not pulling off of the highway to the shoulder of the road, and if either such affirmative action or failure so to act were the proximate cause of the collision, presented questions for the jury."

Looking at the facts of this case, we quote as follows: "That the collision was due proximately and directly to the negli-

gence of the driver of the motor vehicle and to the further negligence of Hendrick, the driver of the stage, in driving it at a grossly excessive rate of speed and with defective brakes, in failing to observe timely the automobile on the wrong side of the road so as to avoid a collision, in failing to sound his horn, and to take cognizance of the congested condition of traffic at that time and place, and to observe signs in that locality cautioning motorists to proceed slowly."

The facts are entirely different in this case. In the Dennis v. Maher Case, supra, the driver of the vehicle that collided with the bus was on the wrong side of the road as the facts show, but in the instant case, the driver of the Essex car was in his proper path and there was no advance indication that his car was going to leave his side of the road and collide with the bus.

We see no merit in the assignment.

The following comments are pertinent to the instant case: There was no proof that the driver of the bus was at any time off his side of the road. Had it not been for the Essex car suddenly leaving its side of the road the accident would not have occurred. The injury to plaintiff occurred after the bus left the highway and was caused by a palo verde tree struck by the bus. The accident occurred where the highway was straight, meaning without curves. The carrier is not the insurer of the safety of passengers, and under the law the passenger assumes the ordinary and usual dangers and perils of such trips. The testimony as to the rate of speed the bus was traveling was conflicting, but driving at an unlawful rate of speed is not negligence per se; Alabam Freight Lines v. Phoenix Bakery, Inc., 64 Ariz. 101, 166 P.2d 816, but will sustain a verdict only when it is shown that exceeding the speed limit was the proximate cause of the injury.

In keeping with the law of this state, we find that the motion for a directed verdict was proper.

Judgment affirmed.

LaPRADE and UDALL, JJ., concur.