205 P.2d 592

**DRUMM v. SIMER.**

No. 5047.

Supreme Court of Arizona.

April 25, 1949.

320

Guy Axline, of Holbrook, and Stahl & Murphy, of Phoenix, for appellant.

C. D. McCauley, of Winslow, for appellee.

De CONCINI, Justice.

Appellee Clay Simer, plaintiff below, brought this action against A. B. Drumm, doing business as Silver State Construction Co. The case was tried to the court without the aid of a jury, at the conclusion of which both parties requested findings of fact and such findings were made and judgment entered for plaintiff for the sum of $607.50, from which defendant appeals.

The facts are as follows: Plaintiff owned a dwelling in the city of Winslow which was completed in May, 1942. In 1944, defendant entered into a contract with the Civil Aeronautics Authority, an agency of the United States Government, to do certain construction work at the Winslow Airport as a war emergency measure. While in the process of construction defendant caused a great deal of dynamite blasting to be done during the months of July to December, 1944. Plaintiff alleged, and his wife testified, that on October 9, 1944, at about 5:00 p. m. defendant caused a blast to be set off that shook plaintiff's house, causing cracks in the plaster, the foundation, and the garage floor. Plaintiff alleged two specific acts of negligence, to wit: "by the acts of simultaneously setting off an excessive number of explosions (and) *an excessive amount of explosive material* in such close proximity to the City of Winslow and plaintiff's premises." The italicized allegation was added at the close of plaintiff's case as a trial amendment.

Plaintiff's house was approximately one and one-quarter miles north of defendant's nearest blasting operation and about two and one-half miles north of his other blasting work. The evidence conclusively established that no damage was done to nearby buildings such as the airport, hangar and terminals, the Country Club building, and some Santa Fe Railway buildings about one-half mile from the blasting. These buildings were all on a direct air-line be-

tween plaintiff's dwelling and the place where the blasting was carried on.

There was no evidence of the alleged negligence on the part of the defendant. The court did find:

"No. IV. That defendant made no investigation to determine extent of the solid rock on which blasting operations were performed or to determine what effect, if any, said blasting operations would produce on property surrounding Winslow airport, including plaintiff's property."

Plaintiff relies on an inference of negligence against defendant as the result of that "finding." Such a theory is not tenable because there was no evidence that such lack of investigation constituted negligence. Actually the evidence was to the contrary. Had such an investigation been made the only reasonable conclusion would have been that because of the one and one-quarter mile distance between plaintiff's house and defendant's closest blasting operation, and the conditions of the underground rock ledges in that vicinity, no damages would result to plaintiff's house from defendant's blasting.

The trial court did not and could not find any negligence upon the part of defendant. An omission of the findings to cover a particular fact or issue is to be deemed a finding on that fact or issue against the party having the burden of proof. Arizona Commercial Min. Co. v. Iron Cap Copper Co., 29 Ariz. 23, 239 P.

290; 64 C.J. 1236, section 1079. Assuming, however, that the court below gave plaintiff judgment on the inference of negligence because of his "finding" No. IV, supra, such an inference of negligence cannot stand because the facts do not bear it out as heretofore mentioned, and for the further reason that such a "finding" is not warranted in law. Plaintiff sued on only two specific acts of negligence, to wit: " * * * by the acts of simultaneously setting. off an excessive number of explosions (and) an excessive amount of explosive material * * *."

Plaintiff could not recover unless there was proof of one or both of these alleged negligent acts. City of Phoenix v. Green, 49 Ariz. 376, 66 P.2d 1041; Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 36 P.2d 168; Southwest Cotton Co. v. Pope, 25 Ariz. 364, 218 P. 152.

We have heretofore held "No principle is better settled than that a party is not entitled to a judgment on a finding of facts different from, or contradictory of, the theory of the case, or the facts set up in the complaint or answer." Kingsbury v. Christy, 21 Ariz. 559, 192 P. 1114, 1116.

There was no proof of the alleged negligent acts. As a matter of fact, the proof was all to the contrary that defendant conducted his blasting in a careful and prudent manner in accordance with established safety methods in handling dynamite and within safe distances limited by the "Ameri-

322

can Table of Distances," a recognized authority on handling dynamite.

■ In order to sustain this judgment plaintiff contends that by common consent the case was litigated on the theory of negligence inferred by "finding" No. IV, supra. We find nothing in the record to sustain the view that the case was tried on that theory. "Evidence of acts of negligence not alleged may be admitted solely for the purpose of determining whether the specific negligence charge has been established." 45 C.J. 1135, § 721. Therefore any evidence on this theory was admissible only incidentally and would not necessarily change the theory of the case.

We said in Arizona Commercial Min. Co. v. Iron Cap Copper Co., supra [29 Ariz. 23, 239 P. 294]:

"Third, the trial court will be deemed to have made every finding of fact necessary to support its judgment."

■ There being no evidence of negligence and no "finding" by the lower court that there was negligence, the judgment on that theory cannot stand.

■■ In defense of his position on this appeal plaintiff attempts to rely on the doctrine of res ipsa loquitur, which has no application here. That doctrine is merely a rule of evidence that permits an inference of negligence to be drawn by the trier of fact against the defendant, which inference may be rebutted by the defendant. When rebutted the doctrine no longer applies and the burden then shifts to the plaintiff to prove negligence on the part of the defendant. Stewart v. Crystal Coca Cola Co., 50 Ariz. 60, 68 P.2d 952; Sawyer v. Peoples Freight Lines, 42 Ariz. 145, 22 P.2d 1080; Eisenbeiss v. Payne, 42 Ariz. 262, 25 P.2d 162; Pickwick Stages Corp. v. Messinger, supra.

" * * * the doctrine (res ipsa loquitur) is predicated upon plaintiff's inability to specify the act of negligence which caused his injury, and therefore permits him to rely on the doctrine as a substitute for specific proof, * * *." 45 C.J. 1200, section 770.

The defendant in his case proved he was not negligent and the lower court found no negligence on his part. Plaintiff was then under the burden to prove negligence of the defendant, which burden he failed to carry. Therefore the doctrine has no application to this case.

For the reasons enunciated herein, the judgment of the lower court is

Reversed.

UDALL, STANFORD, and PHELPS, JJ., concur.

LaPRADE, C. J., not participating.