230 P.2d 213

**TILLER et al. v. VON POHLE.**

No. 5302.

Supreme Court of Arizona.

April 20, 1951.

Rehearing Denied May 15, 1951.

Charlie W. Clark, Marshall W. Haislip, of Phoenix, for appellants.

Scott and Green, Shimmel, Hill & Hill, all of Phoenix, for appellee.

DE CONCINI, Justice.

Thelma Tiller, plaintiff-appellant, brought suit against Dr. Ernest E. Von Pohle, defendant-appellee, for injuries to her person which she allegedly suffered by reason of defendant's negligence in the performance of a surgical operation upon her.

The facts as appear in the record show that on or about December 26, 1946, plaintiff was in ill health and consulted defendant, a licensed practicing physician and surgeon, who diagnosed plaintiff's condition as being extra-uterine pregnancy and who advised her that an immediate abdominal operation was necessary. On that day plaintiff submitted to such operation which was performed by defendant, assisted by a Dr. R. W. Rosenquist. Plaintiff alleges that immediately following said operation she developed severe pains in her abdominal region at about the same place where defendant had made the incision, and for two years thereafter suffered extreme and excruciating pain in that part of her body.

Following this operation plaintiff, on several occasions, consulted defendant and complained to him of her painful condition; on these occasions defendant assured plaintiff that the operation had been a complete success and that her suffering was caused by common gas pains. At other times, following the operation, defendant diagnosed plaintiff's malady as anemia and tilted uterus. Various treatment was rendered plaintiff by defendant but the alleged pain and suffering persisted. From the testimony of various witnesses it appears that following this operation plaintiff lost about thirty pounds, was unable to eat solid foods, was unable to sleep, vomited frequently, became extremely nervous, and was so physically incapacitated that it was impossible for her to fulfill her duties as a wife and mother.

On March 18, 1949, plaintiff underwent a second abdominal operation performed by Dr. Rosenquist who was assisted by defendant Von Pohle. During the performance of this second operation there was,

14

according to defendant, removed from plaintiff's large bowel, where it joins the small intestine, a cloth sack approximately ten inches wide by sixteen or eighteen inches long. The proof shows that these two operations were the only ones ever performed on plaintiff's body.

At the close of plaintiff's evidence defendant moved for a directed verdict on the ground that plaintiff offered no evidence tending to prove negligence on the part of the defendant, which motion was granted. From the judgment entered thereon and from the denial of plaintiff's motion for a new trial and for arrest of judgment, plaintiff appeals.

Plaintiff assigns that the trial court erred in granting this motion for a directed verdict. In support of this assignment of error plaintiff contends that where a patient submits herself to the care and custody of a surgeon for the purpose of having an abdominal operation performed while the patient is under anesthetic and unconscious; and where later, upon a following operation a cloth sack of considerable size is found in the patient's body in the immediate area wherein such operation was performed; and where the only operations ever performed on the patient were the first in which the surgeon's negligence is alleged, and the second one wherein the cloth sack is discovered; the patient is entitled to the aid of the doctrine of res·ipsa loquitur in a malpractice action based on the alleged negligence of the

surgeon who performed the operation. This court considers plaintiff's proposition to be correct.

In the case of Eisenbeiss v. Payne, 42 Ariz. 262, 25 P.2d 162, 164, this court pointed out the conditions necessary to employ the rule of evidence known as res ipsa loquitur. In quoting 45 C.J. 1193, Sec. 768, the court said: " * * * In such cases, 'Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control·use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care.' * * * In other words, when such circumstances are shown to exist, the inference arises that defendant is guilty of negligence, and, in the absence of explanation by defendant, justifies a recovery in damages for such wrong. * * *" See, also, 65 C.J.S., Negligence, § 220(2).

Mr. Prosser·states the conditions necessary for the application of the principle of res ipsa loquitur to be: " * * * (1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of defendant; (3) it must·not have been due to·any vol-

untary action or contribution on the part of the plaintiff." Prosser, Torts, p. 295.

The doctrine of res ipsa loquitur has been clearly defined and advanced by this court in the following cases: Phen v. All American Bus Lines, Inc., 56 Ariz. 567, 110 P.2d 227; Sawyer v. People's Freight Lines, Inc., 42 Ariz. 145, 22 P.2d 1080; Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 36 P.2d 168. A further treatment of the doctrine at this point would be redundant. It is enough to say that the facts of the instant case are sufficient to invoke that doctrine.

The sole remaining question is whether, under the evidence, the plaintiff was entitled to have the question of negligence go to the jury. To that interrogatory, we answer in the affirmative. We again refer to Mr. Prosser who ably sets out the procedural effect of rebutting evidence on the res ipsa doctrine:

"When the defendant in turn offers evidence to show that the event was not due to his negligence, there is the further question of the extent to which the principle of res ipsa loquitur will survive in the face of such proof. It is generally agreed, except in two or three jurisdictions, that the burden of proof is not upon the defendant, and that he is required to do no more than to introduce evidence which, if believed, will permit the jury to say that it is as probable that he was not negligent as that he was. Against this evidence must be balanced the inference of negligence to be drawn from the circumstances of the case, which has weight so long as reasonable men may still draw it from the facts in evidence. * * *

"If the defendant seeks a directed verdict in his favor, he must produce evidence which will destroy any reasonable inference of negligence, or so completely contradict it that reasonable men could no longer accept it. * * * If the defendant proves definitely by uncontradicted evidence that the occurrence was caused by some outside agency over which he had no control, * * * the inference of negligence is no longer permissible and the verdict is directed for the defendant. The res ipsa case has been overthrown by showing that it is not a res ipsa case." Prosser, Torts, pp. 308–309.

Defendant's rebutting evidence consists of his own testimony on cross-examination under the statute, in which he said he made no incision into the plaintiff's intestinal tract in the first operation and that the cloth sack was found in the intestinal tract during the second operation. Defendant insists that it would be an impossibility for the cloth sack to have traveled from the abdomen, where he alleged he made the incision in the first operation, into the bowel where he claims it was found during the second. Defendant admitted on oral argument that it was "quite inconceivable" that the cloth sack could have entered the plaintiff's intes-

**16**

tines through her mouth, yet he claims that though "a very rare act" it could have been inserted into her rectum. Such an act, however, the plaintiff emphatically denies ever occurred. In order to accept defendant's contentions it would be necessary to believe that the sack could have crawled or traveled up through three or four feet of plaintiff's intestines, against the peristaltic motion thereof, and lodged itself in a ball or mass where it was allegedly found. This contention appears to us to border on the ridiculous. In the absence of expert testimony to support such a possibility we are inclined to believe that reasonable men would be justified in believing that defendant's explanation suggests an improbability that borders on an impossibility. In any event defendant's explanation wholly fails to destroy the reasonable inference of negligence.

While defendant's motion for a directed verdict was granted at the close of plaintiff's case, still the only evidence with which defendant attempted to rebut the inference of defendant's negligence under the doctrine of res ipsa was the testimony of defendant himself. Plaintiff was entitled to have the jury consider the credibility of defendant's testimony and also the possibility of whether plaintiff's injury could have been occasioned by some agency outside of defendant's control.

The trial court erred in failing to permit the jury to consider these matters. The judgment of the trial court is reversed and the cause is remanded for a new trial not inconsistent with this opinion.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.