432 P.2d 914

John SNETHEN, Appellant,

v.

Vidal GOMEZ, Jr., and Jane Doe Gomez, husband and wife, and Harold W. Mouser, Appellees.

1 CA–CIV 312.

Court of Appeals of Arizona.

Oct. 26, 1967.

Rehearing Denied Nov. 28, 1967.

Review Denied Jan. 9, 1968.

---

Patrick W. O'Reilly, Phoenix, for appellant.

Lewis Roca, Scoville, Beauchamp & Linton, by James Moeller, John L. Hay, Phoenix, for appellees Gomez.

Jennings, Strouss, Salmon & Trask, by Thomas J. Trimble, Phoenix, for appellee Mouser.

WILLIAM· W. NABOURS, · Superior Court Judge.

This action was brought by the Appellant, plaintiff below, against the Appellees, defendants below, for personal injuries received by the plaintiff as the result of an airplane crash in which he had been riding as a passenger and which was piloted by the defendant Mouser and co-owned by the defendant Gomez and a third party who is not a party to this action but who was riding in the plane at the time of the crash.

On September 10, 1961, the plaintiff, the defendants Gomez and Mouser, a Mr. Reeves and a Mr. Chavez, left Phoenix in a 1954 D–18 Twin Beach airplane bound for the landing strip at Lukeville, Arizona, which is located just north of the Mexican border. The landing strip at Lukeville is a dirt strip approximately 2400 feet in length with a 800 foot overrun. The plane left Phoenix at approximately 1:30 or 2:00 o'clock p. m. and arrived at Lukeville approximately ·one hour later. Piloting the plane was the defendant Mouser with Gomez in the co-pilot's seat and the other three men seated behind them in the cabin. When the plane arrived at Lukeville, Mouser flew low over the strip twice from north to south to observe the ·condition of the landing strip. On the third approach the plane touched down but instead of completing the landing the throttles were advanced and the plane took off, went a couple of hundred feet into the air and then nosed down and crashed some 1000 feet past the end of the runway. All of the passengers were able to walk away from the plane after the crash. The plaintiff had his seat belt fastened but was thrown forward against the seat ahead of him and suffered injuries.

At the trial there was substantial conflict in the evidence concerning the cause of the crash. Mouser testified that as the plane was coming up one of the plane's two motors failed. Other evidence showed that Gomez interfered with the pilot's control. There was some evidence that a landing should never have been attempted at all due to the size of the landing strip, the temperature of the air and other factors that enter into the operation of an airplane.

· There was also a conflict in the evidence as to the nature and extent of the plaintiff's injuries.

At the conclusion of the trial the jury was given four forms of verdicts to use in returning a verdict. One provided for a judgment against both defendants. Another provided for judgment for both defendants as against the plaintiff. The other two were individual verdicts against each defendant and in favor of the plaintiff.

The jury returned a verdict finding against the plaintiff as to both defendants.

The plaintiff then moved for a new trial and judgment n. o. v. and upon the denial of the motion this appeal was taken.

This appeal raises four questions, all relating to the Court's instructions or refusal to instruct as requested by the plaintiff.

 The first question presented raises· the question as to whether the following instruction constitutes prejudicial error that compels a reversal of the judgment. The Court instructed near the beginning of the instructions that:

"If you find that the defendants, *or either of them in this case,* are not liable, then I charge you that the question of damages is wholly immaterial and should not be considered by you at all." (emphasis supplied)

Neither counsel for the defendants nor for the plaintiff made any objections to the instruction and did not call the Court's attention to the alleged erroneous instruction until after the verdict was returned. It was only while preparing his motion for a new trial that plaintiff's counsel discovered the assigned error.

The only question to be determined is whether the error was so fundamental that it requires a reversal in the absence of any objection by counsel before the jury retired. It has been consistently held that counsel cannot allow an instruction to be given, make no objection, wait until the verdict is in and then raise an objection. General

Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729 (1954), and authorities cited therein.

A review of all the instructions lead us to the conclusion that the inadvertent wording of the instruction complained of did not constitute fundamental error. The Court instructed that:

> "Should you find that the plaintiff has, as a result of the negligence of the defendants, *or either of them,* suffered injuries which are reasonably certain to be permanent in nature, then I instruct you that you may award the plaintiff such sums that will reasonably and fully compensate him for the future effect of these injuries". (Emphasis Supplied)

Other instructions to the same general effect together with the forms of verdicts remove any question that the jury was misled.

■ The second question presented pertains to the refusal of the Court to give plaintiff's requested instruction Number 9 on the doctrine of res ipsa loquitur. This doctrine has been the subject of numerous decisions and consistently causes great concern to Court and counsel. In spite of the many decisions relating thereto it persistently continues to be the subject of great argument and contrary opinions. The Supreme Court of Arizona in speaking on the doctrine made this pronouncement:

> "The principal theory underlying this doctrine is that under the circumstances of the case and because of such circumstances there is an inference of negligence. The doctrine applies only where the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that in their very nature they carry a strong inherent probability of negligence and, in the light of ordinary experience the occurrence would presumably not have happened if those who had the exclusive management or control of the agency or instrumentality alleged to have caused the injury, had ex-

ercised proper care. Obviously, the rule cannot be invoked where the cause of the accident is wholly a matter of conjecture. Stewart v. Crystal Coca-Cola Bottling Co., 50 Ariz. 60, 68 P.2d 952. It is not the mere occurrence or happening that justifies the application of the doctrine; it is the manner and attending circumstances that determine its application. No general rule can be laid down as to the applicability of *res ipsa loquitur.* Its application depends on the peculiar facts and circumstances of each individual case. Phen v. All American Bus Lines, Inc., supra, [56 Ariz. 567, 110 P.2d 227] 65 C.J.S., Negligence, § 220(10)." Capps v. American Airlines, 81 Ariz. 232, 303 P.2d 717 (1965).

■■ In the case of Drumm v. Simer, 68 Ariz. 319, 205 P.2d 592 (1949), speaking of res ipsa loquitur, the Supreme Court said:

> " * * * That doctrine is merely a rule of evidence that permits an inference of negligence to be drawn by the trier of fact against the defendant, which inference may be rebutted by the defendant. When rebutted the ·doctrine no longer applies and the burden then shifts to the plaintiff to prove negligence on the part of the defendant. (citations omitted)

> " ' * * * the doctrine (res ipsa loquitur) is predicated upon plaintiff's inability to specify the act of negligence which caused his injury, and therefore permits him to rely on the doctrine as a substitute for specific proof, * * *.' 45 C.J. 1200, section 770."

■ In Capps v. American Airlines, supra, 81 Ariz. at page 234, 303 P.2d at page 718, the Court set forth the four conditions for the application of the doctrine:

> "(1) *the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;*

> "(2) *it must be caused by an agency or instrumentality within the exclusive control of defendant;*

"(3) *it must not have been due to any voluntary action on the part of the plaintiff;*

"(4) *plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury.*"

See also First National Bank of Arizona v. Otis Elevator Co., 2 Ariz.App. 80, 406 Pac. 2d 430 (1965), Rehearing Denied 2 Ariz. App. 596, 411 Pac.2d 34 (1966).

■ In the instant case the plaintiff did not demonstrate at the trial that he was not in a position to show the particular circumstances which caused the injury but to the contrary offered a number of particular circumstances that if believed by the jury would have supported a finding of negligence on the part of the defendants. The defendants having rebutted any inference arising from the fact of the accident and the plaintiff having proceeded to show specific acts which were alleged to be negligent and which caused the crash, the doctrine of res ipsa loquitur was not available to the plaintiff. The lower court was correct in refusing the requested instruction.

■ The third and fourth questions presented by the plaintiff and assigned as error, pertain to the Court's instructions numbered defendant's requested instruction No. 11 and defendant's requested instruction No. 12. Number 11 says:

"You are instructed that where damages or injuries may have resulted from one of several causes, and that it is as probable that the cause may have been one for which the defendant was not responsible as one for which the defendant was responsible, then plaintiff may not recover for such damage or injuries.

"Where there is more than one cause of equal probabilities, and only one of these is attributable to the defendant, then the plaintiff has not proven his case."

A review of the transcript of testimony of the trial discloses sufficient evidence to authorize the instruction. A review of the evidence in this opinion is not deemed necessary as the testimony of the medical experts discloses a conflict in the cause of the major injury allegedly suffered by the plaintiff. Where there is conflicting evidence as to the cause of the injury, the instruction is proper.

■ The portion of instruction number 12 to which the plaintiff claims error reads as follows:

"You are instructed that the plaintiff, in order to recover for his claimed medical expenses, must prove by a preponderance of the evidence:

"a. That the treatment, medicines, nursing services, hospitalization, and the like, if any, were *directly necessary* as a result of his injuries, if any." (Emphasis ours)

Plaintiff alleges that the instruction requires a different and higher degree of proof than that established by our courts. While we do not approve of the wording and suggest that it not be used, we do not find that under the facts of this case it constitutes prejudicial error. The jury in effect was told that the only damages for those items that the plaintiff could recover were those attributable to the defendants. This is correct. While the wording may be awkward and conceivably could cause a jury in a particular case to withhold a recovery because of a finding that the expense, while reasonable, may have been "indirectly" rather than "directly" necessary, we find no such situation here.

■ It was, no doubt, unnecessary to consider the instructions relating to damages and cause as the jury found no liability on the part of the defendants. Where no liability is found, even erroneous instructions on cause and damages are immaterial. However, in view of the fact that the jury was given general verdicts to find, we feel that it is necessary to answer all questions presented.

The judgment of the lower court is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge WILLIAM W. NABOURS was called to sit in his stead and participate in the determination of this decision.