436 P.2d 577

**Donald O'DONNELL and Margaret O'Donnell, husband and wife, Appellants,**

**v.**

**Keith Kay MAVES and Shirley Sandra Maves, husband and wife, Appellees.**

**No. 8181.**

Supreme Court of Arizona.

In Division.

Jan. 25, 1968.

Cavness, DeRose, Senner & Foster, by John W. Rood and Jack Cavness, Patrick W. O'Reilly, Phoenix, William Younger Wood, Glendale, for appellants.

O'Connor, Anderson, Westover, Killingsworth & Beshears, by Ralph Hunsaker, Phoenix, for appellees.

McFARLAND, Chief Justice:

Plaintiffs Donald and Margaret O'Donnell sued defendants Keith and Shirley Maves for injuries received by Mrs. O'Donnell in an automobile accident on October 1, 1960, while she was a passenger in a Pontiac automobile driven by her husband. At the time of the accident, their car was stationary, waiting for a traffic light to turn green, when it was rear-ended by Mr. Maves' 1955 Chevrolet.

The complaint alleged only general negligence. The answer denied negligence, and pleaded unavoidable accident. A jury returned a verdict for defendants, and plaintiffs have appealed.

The evidence indicated that immediately after the accident the investigating police officer checked the brake pedal on Maves' car, and found that it could be pressed to the floor without operating the brakes; that the officer estimated the speed of the Maves car at thirty miles per hour; that Maves' car had a speedometer reading of over 75,000 miles; that three years before the accident Maves had the brakes relined; that one year before the accident he had the master brake cylinder replaced; that thirty-four days before the accident he had the brakes checked, at which time only about an ounce of fluid had to be added; that twenty-one days before the accident

he again had his brakes checked, at which time no fluid was added; that he had made five stops at traffic signals just prior to the accident, at which times his brakes worked normally; that when he first saw the O'Donnell car the stop light ahead of it was red, and Maves was about 800 feet to the rear, traveling at about forty miles per hour; that he applied the brakes lightly several times, and slowed down to about ten to fifteen miles per hour; that when he was about fifty feet from the O'Donnell car he pressed down firmly on the brake pedal, and it went to the floor; that he tried to apply the hand brake, but the plastic handle bent in his hand; that he could not veer to one side because of cars in the other lanes; that Mrs. Maves used the car frequently, and never had any trouble with the brakes; that Maves' brother-in-law used it for six weeks while Maves was out of town two or three months before the accident, and had no trouble with the brakes at that time.

Another police officer, properly qualified, stated his opinion that the physical facts of the accident indicated that Maves' speed at the time of the impact was ten to fifteen miles per hour. Two mechanics called by plaintiffs, and one called by defendants, testified that the hollow pipe, known as the brake line, which carried the brake fluid from the pedal to the wheels, had a small leak caused by the line's rubbing against the gas tank under the car, which caused the line to lose fluid and thus caused the braking mechanism to fail completely. Defendants' mechanic testified the failure of the brakes was sudden, and the conditions causing the failure were not such as would give the driver notice of the leak.

Plaintiff assigns as error the trial court's refusal to give plaintiff's requested instruction on res ipsa loquitur.

In Capps v. American Airlines, Inc., 81 Ariz. 232, 303 P.2d 717, we said:

"The doctrine of *res ipsa loquitur* has been clearly defined by this court in many prior cases. We have said that the conditions necessary for the application of the doctrine are:

(1) *the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;*

(2) *it must be caused by an agency or instrumentality within the exclusive control of defendant;*

(3) *it must not have been due to any voluntary action on the part of the plaintiff;*

(4) *plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury.* (Emphasis supplied.)"

In view of this clear statement of conditions, we agree with plaintiff that the doctrine is applicable to the usual rear-end collision. Pickwick Stages Corporation v. Messinger, 44 Ariz. 174, 36 P.2d 168; Merry v. Knudsen Creamery Co., 94 Cal.App.2d 715, 211 P.2d 905.

We have held that res ipsa loquitur gives rise to an inference, not a presumption. Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809; Drumm v. Simer, 68 Ariz. 319, 205 P.2d 592.

In Starkweather v. Conner, 44 Ariz. 369, 38 P.2d 311, we said:

"* * * There is a great difference between an 'inference' and a 'presumption.' An inference is a deduction drawn from certain facts by the reason, while a presumption is an arbitrary conclusion which the law says must be drawn from certain facts, * * *"

Perhaps the clearest explanation of the doctrine appears in Fink v. New York Central R. Co., 144 Ohio St. 1, 56 N.E.2d 456:

"'* * * [R]es ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed,

not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict.' * * * Where the defendant offers evidence tending to meet and explain the circumstances surrounding the occurrence, it is the duty of the court, when requested so to do, to submit the question to the jury under proper instructions. The weight of the inference of negligence which the jury is permitted to draw in such case as well as the weight of the explanation offered to meet such inference, is for the determination of the jury."

Our rule is practically the same:

" ' * * * It is generally agreed * * that the burden of proof is not upon the defendant, and that he is required to do no more than to introduce evidence which, if believed, will permit the jury to say that it is as probable that he was not negligent as that he was. Against this evidence must be balanced the inference of negligence to be drawn from the circumstances of the case, *which has weight so long as reasonable men may still draw it from the facts in evidence.* * *' " [Italics ours.] Tiller v. Von Pohle, 72 Ariz. 11, 230 P.2d 213.

The amount of evidence required would be described more accurately by saying that it must be sufficient—if believed—to justify the jury in finding for defendant.

■■ Despite the considerable confusion in various jurisdictions, our views are clear, and with the exception of one sentence in Drumm v. Simer, supra, they have been consistent. The sentence referred to is:

" * * * When rebutted, the doctrine no longer applies and the burden then shifts to the plaintiff to prove negligence * * "

We consider this statement made in Drumm, supra, was improvident, and reaffirm Tiller, supra. To put it simply, the inference does not vanish (as do presumptions) with the

introduction of counter-evidence; it remains as a part of plaintiff's case, to be given such weight as the jury decides to give it in the light of the counter-evidence. If, therefore, the instant case were one in which res ipsa loquitur properly could be applied, plaintiff would be correct in his contention that the court should have instructed on that doctrine.

■■ The question then in the instant case is whether the evidence was such that it required the giving of a res ipsa loquitur instruction. Udall on Evidence says:

" * * * The doctrine of res ipsa loquitur is essentially a rule of circumstantial evidence. In negligence cases under the rule, a jury is permitted *but not required* to draw an inference of negligence from the happening of an accident of a kind which experience has shown does not normally occur if due care is exercised." Udall, ARIZONA LAW of EVIDENCE, p. 437

For this doctrine to be applied, however, and in order for this inference to arise, the fourth criterion set out in Capps, supra, must be shown—namely, the fact that the plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury. Such clearly was not the case here. It was not necessary for the jury to *infer* what caused the offending agency or instrumentality to operate to his injury. Here plaintiff actually showed the cause. In Throop v. F. E. Young and Company, 94 Ariz. 146, 382 P.2d 560, we said:

" ' * * * the doctrine (res ipsa loquitur) is predicated upon plaintiff's inability to specify the act of negligence which caused his injury, and therefore permits him to rely on the doctrine as a substitute for specific proof, * * *' 68 Ariz. at 322, 205 P.2d at 594"

The uncontradicted testimony of both plaintiff and defendant showed that the brake failure on defendant's automobile "caused the offending agency or instrumentality to operate to his injury." As we said in Eisen-

beiss v. Payne, 42 Ariz. 262, 25 P.2d 162, nearly thirty-five years ago, res ipsa loquitur is a rule

"* * * of necessity and cannot be invoked except * * * where plaintiff is not in a position to show the particular circumstances which cause the offending instrumentality to operate to his injury."

We repeated this position in Drumm v. Simer, supra, and again in Capps v. American Airlines, Inc., supra.

■ Plaintiff argues that where general negligence is pleaded the introduction of evidence of specific negligence in an *unsuccessful* attempt to establish clearly the precise cause of the accident does not preclude reliance upon res ipsa loquitur, and in such case both the inference and the evidence of specific negligence should be submitted to the jury. He cites Throop v. F. E. Young and Company, supra, as authority for this position. Throop does state that this is the rule *where the attempt to prove specific negligence is unsuccessful,* and that the rule will be applied "except in the clearest cases" of proof of specific negligence. We believe that the instant case is one of the "clearest cases" and within the exception. Defendant's testimony and that of his expert witnesses showed in detail how and why the brakes failed. They were uncontradicted. More than that, they were actually corroborated by two of plaintiffs' experts on brakes. We have said that uncontradicted evidence may not be arbitrarily rejected; that where testimony of an interested witness is corroborated by a disinterested witness, rejection of that evidence is arbitrary; and that where such testimony is corroborated by the adverse party it is even more convincing. Ft. Mohave Farms, Inc. v. Dunlap, 96 Ariz. 193, 393 P.2d 662. This is exactly the situation in the instant case.

In Throop v. F. E. Young and Company, supra, there was a total failure to show that the driver's heart attack preceded and caused the accident, rather than that the accident preceded and caused the heart attack. It should also be noted that in Throop we approved a quotation from Creamer v. Cerrato, 1 Cal.App.2d 441, 36 P.2d 1094, to the effect that had the facts of the accident been shown, with nothing more, res ipsa loquitur would have applied, but when plaintiff went further and showed that it was caused by excessive speed, the doctrine was inapplicable, and "under the circumstances, it would have been error to have given the instruction."

The court instructed the jury as to statutory requirements in regard to brakes of motor vehicles operated upon the highway, and that if defendant had violated any of these statutory requirements, it would constitute negligence as a matter of law; and then properly set forth the duty of the owner of a motor vehicle to use ordinary care; and properly defined a violation to be the failure to use ordinary care to keep his automobile in a reasonably safe condition. Under these instructions the issue then was squarely before the jury as to whether under the evidence of the case defendant was guilty of negligence by failing to exercise this ordinary care in failing to have his brakes properly inspected and repaired. This was the issue in the case. The inference of evidence provided for in a res ipsa loquitur instruction therefore would not have been proper.

■ Plaintiff also contended that the trial court erred in giving the jury an instruction on unavoidable accident. Plaintiff attempted to have the trial court withdraw this issue from the jury, and made it clear to the trial court that the issue should not have been submitted. The court, however, instructed the jury on the issue of unavoidable accident. Perhaps we may excuse the trial court for this mistake because the trial took place prior to our decisions in City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115, and Trickel v. Rainbo Baking Company of Phoenix, 100 Ariz. 222, 412 P.2d 852. In Camfield we said that "it is always error to give an instruction on unavoidable accident," and "it can never be error to refuse to give the in-

struction on unavoidable accident." It is true that in Camfield we also said that a case will not be reversed because of this error unless the error was prejudicial, but we feel in the instant case, as we did in Trickel, that:

"* * * Considering the matter in its entirety we believe that giving the unavoidable accident instruction could have led to misunderstanding and confusion by the jury. * * *"

and that the instruction was prejudicial error.

Reversed and remanded.

UDALL, V. C. J., and STRUCKMEYER, J., concur.