465 P.2d 592

**Robert E. TOWERS, Appellant,**

v.

**Clifford Leroy JOHNSON, Appellee.**

**No. I CA–CIV 1074.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 4, 1970.

Rehearing Denied April 1, 1970.

Review Denied April 21, 1970.

J. William Moore, Phoenix, for appellant.

Jennings, Strouss & Salmon, by W. Michael Flood, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from an order of the trial court which denied plaintiff's motions for judgment n. o. v. and plaintiff's motion for new trial.

We are called upon to determine whether the trial court committed error in giving an instruction on general negligence in addition to an instruction on res ipsa loquitur.

As reflected from the pleadings and the briefs of counsel, the facts in the case are essentially as follows.

On or about 28 July 1966, the defendant was driving a 1957 MG Roadster in which the plaintiff was a passenger. The vehicle was proceeding south on State Highway 79 near Camp Verde, Arizona, when it went off the pavement on the right side and came to rest in a shallow ditch. The defendant stated that he suddenly felt a rock or rut in the road which caused his vehicle to swerve further to the right and onto the soft shoulder.

The issue of contributory negligence was not presented to the jury. The plaintiff re-

lied upon the doctrine of res ipsa loquitur. The court, over plaintiff's objection, gave defendant's instruction Number 8, modified to read as follows:

"[Y]ou should not decide the issue of negligence on the basis of guesswork, speculation or your personal hunches unsupported by the evidence. A finding of negligence, like any other fact, must be based on actual evidence admitted into the case.

"Further, the fact that a party might have avoided an accident by some conduct other than that used is not sufficient, considered alone, to prove that he was negligent. Different individuals, all exercising ordinary care, might behave differently under the same circumstances."

The court, over the objection of defendant's attorney, gave plaintiff's requested instruction on res ipsa loquitur as follows:

"Ordinarily the fact that an accident took place will not support an inference or conclusion that there was negligence on the part of any party. There is an exception to this general rule.

"An inference of negligence may arise if you find the following conditions to exist:

"(1) The accident occurred as a result of an instrumentality which was under the defendant's control.

"(2) In the normal course of events, the accident would not have occurred in the absence of negligence on the part of the defendant.

"(3) The accident was not due to any negligence on the part of the Plaintiff.

"(4) The plaintiff is not in a position to show the circumstances surrounding the accident."

The jury returned the verdict in favor of the defendant and the plaintiff urges error in the giving of defendant's instruction Number 8 in addition to the instruction on res ipsa loquitur.

■ We do not have before us the transcript of the evidence in the trial court. We have only the pleadings and the transcript of the argument before the court on the giving of the instructions. We must therefore presume that in addition to the pleadings the evidence warranted the giving of the instruction on res ipsa loquitur.

## WERE THE INSTRUCTIONS CONFLICTING?

■ It is, of course, the court's responsibility to instruct the jury on all phases of the law supported by the evidence, Reah v. Jupin, 68 Ariz. 335, 206 P.2d 558 (1949). (But see Tipton v. Burson, 73 Ariz. 144, 238 P.2d 1098 [1951].) In determining whether an instruction is justified, we must view the record in the strongest possible manner in support of the theory of the party asking the instruction, Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939). Our Court has stated that it is just as erroneous to give an instruction on a legal theory not supported by the evidence as it is to refuse to give an instruction on a legal theory which is supported by a substantial portion of the evidence, Rowley v. Rowley, 7 Ariz.App. 418, 440 P.2d 54 (1968). While our Supreme Court has indicated that instructions must not be conflicting or contradictory, Glenn v. Chenowth, 71 Ariz. 271, 226 P.2d 165 (1951), it is not error to give instructions regarding two different theories of the case, Eck v. Helene Curtis Industries, Inc., 9 Ariz.App. 426, 453 P.2d 366 (1969), as long as the jury is not misled by the instructions. Our Supreme Court recently stated:

"We have held that res ipsa loquitur gives rise to an inference, not a presumption." O'Donnell v. Maves, 103 Ariz. 28, 30, 436 P.2d 577, 579 (1968).

And O'Donnell v. Maves, supra, cited with approval the following:

"'* * * [R]es ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it

may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict'." Fink v. New York Central Railroad Company, 144 Ohio St. 1, 56 N.E.2d 456 (1944). See also Tiller v. Von Pohle, 72 Ariz. 11, 230 P.2d 213 (1951); Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966).

An early Arizona Supreme Court case stated:

"* * * The fact that the plaintiff may, in a proper case, rely on this rule does not mean, however, that he is excused from proving negligence, for there is no exception to the rule that one seeking damages for an injury caused thereby must establish that negligence by a preponderance of the evidence. * * *." Stewart v. Crystal Coca-Cola Bottling Co., 50 Ariz. 60, 64, 68 P.2d 952, 954 (1937). See also Doubek v. Greco, 7 Ariz.App. 102, 436 P.2d 494 (1968).

The factual elements necessary to support an instruction on res ipsa loquitur must be proven by the plaintiff just as other elements of negligence must be proven. Defendant's instruction Number 8 directed the jury, in effect, that elements of negligence could not be found "on the basis of guesswork, speculation or * * * personal hunches unsupported by the evidence." The court then proceeded to instruct on res ipsa loquitur pursuant to plaintiff's request, commencing with:

"Ordinarily the fact that an accident took place will not support an inference or a conclusion that there was negligence on the part of any party. There is *an exception to this general rule*." (Emphasis ours.)

We believe the jury was correctly instructed both as to negligence generally and as to the inference of negligence allowed by reason of the rule in res ipsa loquitur cases. Reading the instructions as a whole, McDowell v. Davis, 8 Ariz.App. 33, 442 P.2d 856 (1968), we do not believe that the jury was misled or that it was error to instruct on res ipsa loquitur along with an instruction on general negligence.

Judgment affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.