470 P.2d 679

**Philip Arthur MEDLYN, Appellant,**

v.

**Floyd C. KIMBLE, Appellee.**

**No. 9827.**

Supreme Court of Arizona, In Division.

June 19, 1970.

Carmichael, Johnson, Stephens & Vanlandingham, by N. Pike Johnson, Phoenix, for appellant.

Lewis, Roca, Beauchamp, & Linton, by Charles D. Roush and James Moeller, Phoenix, for appellee.

HAYS, Justice.

Philip Arthur Medlyn, plaintiff below, appeals from a jury verdict and judgment for defendant, Floyd C. Kimble. The only question raised on appeal is whether a particular jury instruction was prejudicial to plaintiff, requiring a reversal of the judgment below. We affirm the judgment of the trial court.

The case arose out of a two vehicle collision at the intersection of 16th Street and Bethany Home Road in Phoenix, Arizona. Plaintiff brought suit against defendant for negligence, claiming that injuries to his face, nose, ribs, neck, *back* and knee result-

ed from the accident. In addition plaintiff alleged other damages resulting from the accident, including damage to his automobile, ambulance service, emergency medical treatment, and car rental while his car was being replaced. Defendant denied any negligence on his part, and alleged contributory negligence on the part of plaintiff.

Plaintiff had suffered an industrial injury to his back some five months prior to the automobile accident. He had submitted a claim to the Arizona Industrial Commission, and at the time of the automobile accident plaintiff was undergoing full-time medical treatment for the industrial accident at Gomper's Rehabilitation Center. At issue in this case, therefore, was the degree to which plaintiff's back injuries were related to the automobile accident.

In answers to pre-trial interrogatories plaintiff indicated that all of his complaints in this lawsuit were related to the automobile accident rather than to the industrial accident. At trial, plaintiff testified that he was essentially recovered from his industrial injuries at the time of the automobile accident. In his cross-examination of plaintiff, defendant secured testimony indicating that, following the automobile accident, the Industrial Commission formally notified plaintiff that it denied liability for any injuries resulting from the automobile accident. Evidence was also introduced that, following the automobile accident, and following the Industrial Commission's award denying liability for that accident, plaintiff made regular monthly claims to the Industrial Commission for disability compensation as a result of the industrial accident.

Plaintiff vigorously objected to all references made at trial to matters contained in his Industrial Commission file. The trial court then indicated to plaintiff's counsel that defendant could show "by way of impeachment the fact that a claim was made, the fact that an award was made and the fact that he (plaintiff) accepted the benefits of the award." At that point, plaintiff's counsel requested that the court cau-

tion the jury as to the purpose for which the evidence was being admitted. The court cautioned the jury as follows:

"This evidence is admissible only for the purpose of impeachment of the plaintiff, and also as bearing on the proximate cause of the plaintiff's present disability, that is whether or not they are related to the accident, the automobile accident of November, or whether they are related to the Industrial accident which occurred earlier." RT p. 137.

After the close of the evidence, plaintiff submitted his requested jury instructions, which included requested instruction No. 6, an instruction cautioning the jury with respect to the Industrial Commission matters in evidence. The court refused plaintiff's instruction No. 6, but indicated that it would, if requested, repeat its earlier cautionary instruction. Plaintiff's counsel so requested, and the trial court gave the following instruction:

"As I have heretofore instructed you, evidence pertaining to plaintiff's Industrial Commission claim was admitted for two purposes: (1) for the purpose of impeaching the plaintiff; and (2) as bearing on the issue of proximate cause of the claimed injuries and damages of plaintiff."

Extensive testimony was also given concerning the cause of the accident. At the conclusion of defendant's case, plaintiff moved for a directed verdict on the issue of liability. The trial court denied plaintiff's motion, indicating its belief that a question of contributory negligence existed. The case was submitted to the jury which found in favor of the defendant.

As mentioned above, plaintiff's appeal concerns solely the question of the propriety of the trial court's cautionary instruction concerning the Industrial Commission evidence. No contention is made that the evidence was inadmissible for the purpose of impeachment, but rather plaintiff contends it was inadmissible for the purpose of establishing the proximate cause of plaintiff's injuries.

The parties stipulated that as a result of the automobile accident plaintiff's car was damaged in the amount of $500. It is unquestioned, therefore, that plaintiff suffered some damage from the vehicle collision. Had the jury found in favor of plaintiff on the liability issue, it would have been compelled by this fact alone to return some damage award to plaintiff. By deciding the case in favor of defendant, the jury had to have decided the liability question in defendant's favor.

Because the jury necessarily found for defendant on the liability issue, and because plaintiff has not contested the jury's finding on appeal, we deem it unnecessary to determine whether the Industrial Commission evidence was properly admitted for the purpose of determining the proximate cause of plaintiff's injuries. The trial court's cautionary instruction clearly limited the jury's consideration of the Industrial Commission evidence to the question of damages. The disputed evidence did not concern the overriding liability issue. As our Court of Appeals has held on a previous occasion, "where no liability is found, even erroneous instructions on cause and damages are immaterial." Snethen v. Gomez, 6 Ariz.App. 366, 432 P. 2d 914 (1968).

We affirm the judgment of the trial court.

UDALL and McFARLAND, JJ., concur.