239 P.2d 591

**DODSON et al. v. POHLE et al.**
**No. 5409.**

Supreme Court of Arizona.
Jan. 14, 1952.

J. LaMar Shelley, of Mesa for appellants.

Shimmel, Hill & Hill, of Phoenix for appellees.

PHELPS, Justice.

This is an appeal from an order granting defendant-appellee's motion for a directed verdict and from the judgment entered thereon in favor of appellee and against appellant.

On the 23rd day of January, 1949, Mabel Dodson, wife of Lestus Dodson, gave birth to Martha Jane Dodson in the Tempe Clinic Hospital located in Tempe, Arizona, with the defendant Dr. Ernest E. Pohle, the owner of said hospital, as attendant physician.

As a part of the services rendered by defendant in obstetrical cases, it is his practice to care for the newly-born infant for a period of two months.

Martha Jane was a healthy baby at the time of her birth and free from any disfigurement on her face. Some three weeks after birth she contracted a severe cold and was taken to defendant's hospital on February 16. Upon examination it appeared the cold had developed into acute trachial laryngeal bronchitis. She was immediately hospitalized and placed under an oxygen tent where she remained until February 23. Because of the severity of the bronchial ailment it was believed by defendant and his staff to be necessary to also administer medicated steam inhalation. This was done by injecting steam vapor into the oxygen tent.

The oxygen tent used was described as "an apparatus which covers the infant in

order that oxygen can be given in concentrated form, so that they can breathe easier and clear up their bluish condition which results from lack of oxygen." It fits over the child, covering most of the body down to the chest. There are two openings in it for the purpose of controlling the pressure by releasing the oxygen on the opposite end of the tent from which it is introduced.

A KAZ vaporizer was used in administering the medicated vapor, which is described by defendant as "a gadget that is so arranged that medication can be put in it and then there is water in the bottom, and a connection is formed by the water so that steam is formed in the holding compartment. This steam warms the medicated solution so that the medicated solution goes out with the steam through a spout which is used for medication." The spout is admitted through one of the holes in the oxygen tent.

The medicated steam inhalations were administered daily for about a week, i. e., from February 16, to February 23.

Martha Jane received a burn on her left cheek on February 18, leaving a scar which, on November 11 following, measured 3½ x 2½ centimeters or one and two-fifths inches by one inch in size. It is oval in shape, the long axis thereof being horizontal beginning one centimeter from the left angle of the mouth and extending back across the check. In the center of the scar at that time was a slight hypertrophy of the tissue in the center, measuring 2 x 1 centimeters in size. Further description appears to be unnecessary for the purposes of this decision.

The first cause of action is prosecuted by Lestus Dodson, father of Martha Jane, in which he seeks to recover damages for medical and other expenses incurred and to be hereafter incurred by him in the treatment of the above described injuries.

The second cause of action is in behalf of Martha Jane Dodson by her next friend, Lestus Dodson, for the recovery of damages for disfiguring injuries sustained by her.

Both causes of action are based upon the alleged negligence of defendant in failing to properly administer the medicated steam inhalation treatment to Martha Jane, resulting in the burns of which complaint is made. The answer of defendant expressly denies any negligence in the administration of said treatment.

Plaintiffs contend that the trial court erred in granting defendant's motion for a directed verdict and entering judgment thereon, based upon the claim that plaintiffs had introduced no evidence tending to prove negligence on the part of defendant, and that it erred in denying plaintiffs' motion for a new trial based upon the same ground.

It is plaintiffs' position that the circumstances surrounding the case and presented in evidence to the jury are adequate to

establish the negligence of the defendant in the administration of the steam inhalation treatment, also that the doctrine of res ipsa loquitur applies in such a case. Defendant on the other hand argues that the evidence is insufficient to establish negligence on the part of defendant and that the doctrine of res ipsa loquitur does not apply in cases of this character.

It is true that the doctrine of res ipsa loquitur has no application to the ordinary malpractice case. Vonault v. O'Rourke, 97 Mont. 92, 33 P.2d 535; Loudon v. Scott, 58 Mont. 645, 194 P. 488, 12 A.L.R. 1487. We said in the case of Boyce v. Brown, 51 Ariz. 416, 77 P.2d 455, 457, that: " * * * Negligence on the part of a physician or surgeon in the treatment of a case is never presumed, but must be affirmatively proven, and no presumption of negligence nor want of skill arises from the mere fact that a treatment was unsuccessful, failed to bring the best results, or that the patient died. * * * "

We reaffirm this as being still the law in this state.

The instant case, however, is not based upon the theory that defendant was guilty of malpractice. There is no suggestion, either in the pleadings or the evidence, that the diagnosis of the ailment from which Martha Jane was suffering was erroneous or that the inhalation of medicated steam was not a proper treatment for it. Nor is it intimated that the use of the medicated vapor did not conform with the highest standard of medical practice in this vicinity for such ailment. On the other hand the evidence shows that the child was sufficiently recovered from the bronchial ailment on February 23 to justify her removal from the oxygen tent and that she was able to be taken to her home on February 25. So far as the record discloses, she has fully recovered from the bronchial disorder.

The gravamen of plaintiffs' complaint is that defendant, through his servants in charge of Martha Jane, negligently applied or administered the remedy correctly prescribed by defendant, resulting in the burn to her face. The diseased portion of Martha Jane's body was not her face or cheek. She was suffering from a severe inflammation of the larynx located in the back of the throat, as well as from inflammation of the trachea which leads from the back of the throat down to the bronchial tubes, and also from an inflammation of the bronchial tubes extending down to the periphery of the lungs.

True, the burned portion of the left cheek extended within two-fifths of an inch of the left angle of her mouth but the entire cheek was perfectly healthy until burned by the steam from the vaporizer. It required no medical treatment until after the burn. The instant case is very similar in principle to the case of Brown v. Shortlidge, 98 Cal.App. 352, 277 P. 134, where the surgeon, in the performance of an adenoid operation, knocked out one of the

child's front teeth. Recovery was allowed in that case upon the ground that the injury was done to an undiseased portion of the body and that the injury to the child's teeth constituted negligence on the part of the surgeon.

■■ The fact that the use of the vaporizer was known to be dangerous imposed a higher duty upon defendant in its use than would otherwise have been the case. The testimony of defendant, which is uncontradicted, clearly establishes the fact, both that the vaporizer was known to be dangerous and that if properly used burns do not result. Also that ordinarily burns do not occur from its use. The nurses are instructed to not place the spout of the inhalator too close to the infant's face. The jury as triers of the fact would have been entitled to infer from the evidence in this case that these instructions were not carried out and that the spout through which the medicated steam was introduced into the oxygen tent was placed too close to the face of the infant, resulting in the burns above described.

■ The evidence, without contradiction, further shows that both the oxygen tent and the vaporizer were within the exclusive control of defendant and his servants at the time the burns were inflicted; that the burns were not due to any voluntary action or contribution on the part of the month-old infant, and that the accident was of a kind which ordinarily would not occur in the absence of negligence. The injuries were to an undiseased portion of the body of the infant.

■■ We therefore hold that the doctrine of res ipsa loquitur applies in the instant case. The defendant produced no evidence explaining or tending to explain away the inference that the burn resulted because of the negligence of his servants in administering the medicated inhalation. This being true, plaintiff fully met the requirements of the law in carrying the burden of proof. It follows that the court erred in directing a verdict in favor of defendant and in denying plaintiffs' motion for a new trial. In the light of conclusions reached herein, other questions raised become immaterial.

The case is reversed and remanded for a new trial.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.