534 P.2d 1052

**Judith A. RIEDISSER and Joseph E. Riedisser, her husband, Appellants,**

v.

**Robert L. NELSON, M. D., and Virginia Nelson, his wife, Appellees.**

**No. 11733.**

Supreme Court of Arizona,
In Division.

April 25, 1975.

Rehearing Denied May 28, 1975.

Divelbiss & Gage, by G. David Gage, Phoenix, for appellants.

Renaud, Cook, Miller & Cordova, P. A. by John H. Seidel, Phoenix, for appellees.

HAYS, Justice.

On June 9, 1970, Robert L. Nelson, M. D., performed a vaginal hysterectomy and anterior and posterior repair on Judith Riedisser. Subsequently, she developed a ureterovaginal fistula and was obliged to have surgery performed to correct this condition. This second surgery was performed by Wilfred M. Potter, M.D. Robert W. Brazie, M.D., assisted at both operations.

The Riedissers filed a medical malpractice action against Doctors Nelson and Brazie and Baptist Hospital of Scottsdale. Upon stipulation, the case against the hospital was dismissed. Dr. Brazie's motion for summary judgment was granted and has become final. Dr. Nelson's motion for summary judgment was also granted and is the subject of this appeal by the Riedissers. This court has taken jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S. Pleadings, affidavits, memoranda, and extensive deposition testimony are before us. The judgment of the trial court is affirmed.

The appellants first argue the applicability of the doctrine of res ipsa loquitur, the elements of which are well set forth in Capps v. American Airlines, Inc., 81 Ariz. 232, 303 P.2d 717 (1956):

"(1) the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;

"(2) it must be caused by an agency or instrumentality within the exclusive control of defendant;

"(3) it must not have been due to any voluntary action on the part of the plaintiff;

"(4) plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury." 81 Ariz. at 234, 303 P.2d at 718.

The plaintiffs have failed to meet the first requirement set forth above; the negligence of Dr. Nelson has not been estab-

**544**

lished. The question of a physician's skill or failure to use his skill is a material question of fact, and on a motion for summary judgment, the party opposing the motion must show that at trial, he would be able to show evidence that the physician lacked or did not apply the proper skills. Abernethy v. Smith, 17 Ariz.App. 363, 498 P.2d 175 (1972).

▪ Negligence on the part of a physician must be established by expert medical testimony unless the negligence is so grossly apparent that a layman would have no difficulty in recognizing it. Revels v. Pohle, 101 Ariz. 208, 418 P.2d 364 (1966); Tiller v. Von Pohle, 72 Ariz. 11, 230 P.2d 213 (1951) (rag left in abdomen of patient for two years). Ordinarily, negligence of a doctor cannot be presumed in hindsight to be so gross that a layman can recognize it solely because an injury did occur. Tessitore v. McGilvra, 105 Ariz. 91, 459 P.2d 716 (1969). Negligence on the part of the doctor must be affirmatively proven. Boyce v. Brown, 51 Ariz. 416, 77 P.2d 455 (1938). Whether Mrs. Riedisser's difficulty from the first operation was more probably than not the result of negligence is not a matter of common knowledge among laymen; expert testimony is required in this instance. Siverson v. Weber, 57 Cal.2d 834, 22 Cal.Rptr. 337, 372 P.2d 97 (1962); Shoberg v. Kelly, 1 Wash.App. 673, 463 P.2d 280 (1969). Plaintiffs' counsel conceded in oral argument that no such expert medical testimony had been offered that indicated Dr. Nelson's care fell below the appropriate standard of care for a specialist. Kronke v. Danielson, 108 Ariz. 400, 499 P.2d 156 (1972). No issue of material fact was therefore shown by plaintiff. Falcher v. St. Luke's Hospital Medical Center, 19 Ariz.App. 247, 506 P.2d 287 (1973).

▪ The appellants next contend that Dr. Nelson is liable for the unfortu-

nate result of the first operation by reason of his failure to disclose to Mrs. Riedisser that this was a risk to be incurred in undergoing a hysterectomy. Dr. Nelson testified that during his years of practice, he has performed almost 1000 hysterectomies and that this is the first time a ureterovaginal fistula has occurred.

If a doctor operates without his patient's consent, he has committed a battery and is liable for damages. Shetter v. Rochelle, 2 Ariz.App. 358, 409 P.2d 74 (1965). The problem arises, however, when a patient has given consent but has allegedly done so under a mistake of fact as to the inherent risks involved. The failure to disclose all the reasonable and recognized risks of an operation does not automatically render the patient's consent ineffectual in the absence of fraud. Shetter v. Rochelle, *supra.* Fraud has not been alleged here.

"[A] consent to a surgical procedure is effectual if the consentor understands substantially the nature of the surgical procedure attempted and the probable results of the operation." Shetter v. Rochelle, 2 Ariz.App. at 370, 409 P.2d at 86.

Mrs. Riedisser testified in her deposition that Dr. Nelson explained the operation to her, that she had no questions of Dr. Nelson before the first surgery although she was given an opportunity to discuss the matter, and that she understood the general risks involved in any surgical procedure if unaware of this specific risk.*

We find that Mrs. Riedisser gave an informed consent. Therefore, any liability of Dr. Nelson's must be from malpractice and in malpractice, the duty of disclosure of the risks by the physician or surgeon is measured by the usual practices of the medical profession. Shetter v. Rochelle, *supra.*

"Whether or not a surgeon is under a duty to warn a patient of the possibility of a specific adverse result of a pro-

---

* Viewing the facts in the light most favorable to the appellants as required in reviewing a motion for summary judgment, Mrs. Riedisser's left ureter was "nicked" during the surgery causing the subsequent leakage of urine into the vagina, a condition not noticed for approximately ten days after the initial surgery.

posed treatment depends upon the circumstances of the particular case and upon the general practice followed by the medical profession in the locality; and the custom of the medical profession to warn must be established by expert medical testimony. [Citations omitted.]" Govin v. Hunter, 374 P.2d 421, 424 (Wyo.1962). *Accord,* Collins v. Meeker, 198 Kan. 390, 424 P.2d 488 (1967).

There is, of course, no clear rule as to what information must be disclosed in what circumstances; medical judgment is primarily involved. Nishi v. Hartwell, 52 Haw. 188, 473 P.2d 116 (1970); Govin v. Hunter, *supra.*

The appellants have presented no testimony, either by deposition or affidavit tending to establish the standard of disclosure for this surgical procedure. A breach of duty by Dr. Nelson has not been shown.

Furthermore, no damage can be said to have proximately resulted from a failure to disclose unless Mrs. Riedisser would not have had the operation had the disclosures been made. Shetter v. Rochelle, *supra*; Natanson v. Kline, 186 Kan. 393, 350 P.2d 1093 (1960). This was not demonstrated. The gist of her testimony was that she would have given the surgery much more thought had she known of the pain which she would subsequently experience before and after the second surgery.

The judgment of the trial court granting the appellees' motion for summary judgment is affirmed.

STRUCKMEYER, V. C. J., and HOLO-HAN, J., concur.