670 P.2d 1180

**Leon G. McWAIN, Plaintiff/Appellant,**

**v.**

**TUCSON GENERAL HOSPITAL and G.D. Griesemer, M.D., Defendants/Appellees.**

**No. 2 CA–CIV 4710.**

Court of Appeals of Arizona, Division 2.

June 27, 1983.

Rehearing Denied Sept. 29, 1983.

Manuel H. Garcia, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellee Tucson General Hosp.

Fish, Briney, Duffield, Miller, Young & Adamson, P.C. by Arthur H. Miller, Tucson, for defendant/appellee G.D. Griesemer, M.D.

## OPINION

BIRDSALL, Judge.

This appeal is from a summary judgment in favor of the defendants, Tucson General Hospital and Dr. G.D. Griesemer, in a medical malpractice action.

The hospital's motion for summary judgment was based on the appellant-plaintiff's failure to identify an expert witness. The hospital contended that the appellant's claim that its nurse-employee negligently gave him an injection causing damage to his sciatic nerve required the testimony of an expert medical witness that what the nurse did fell below the standard of care. The motion directed the court's attention to interrogatories requesting the appellant to identify an expert witness. The interrogatories submitted May 28, 1981, were still unanswered on February 12, 1982, when the motion was filed.

The appellee doctor's motion asserted that the appellant's only claim of negligence against him was "prescribing vistaril and ordering it for the plaintiff". Vistaril was the drug which the nurse injected. The doctor contends that expert medical evidence is necessary to show that this conduct fell below the standard of care. The motion contains an assertion that no such medical witness can, or does, exist.

The hospital's motion contained the stock phrase that the motion should be granted "for the reason that pleadings, depositions and answers to interrogatories show that there is no genuine issue as to any material fact and that your moving party is entitled to judgment as a matter of law." Rule 56(c), Arizona Rules of Civil Procedure, 16 A.R.S. The doctor's motion was "on the grounds that the pleadings, depositions and testimony at the Medical Liability Panel Hearing show . . . ." Neither motion referred to any specific "evidence" and no affidavits were attached. The record contains five depositions all filed in the superior court in August and September, 1981. The deponents were: Leon George McWain, taken on July 24, 1981, received September 11, 1981; Gerald D. Griesemer, M.D., taken on July 29, 1981, received September 14, 1981; Helen G. Braase, taken on July 31, 1981, received August 19, 1981; George F. Martin, M.D., taken on August 19, 1981, received September 1, 1981 and Philip R. Weinstein, M.D., taken on September 8, 1981, received September 16, 1981. The record does not, however, contain any transcripts from the panel hearing or any answers to interrogatories.

*The appellant filed no opposition to the motion.* So far as the motions are concerned all the record shows is presence of the appellant's attorney at the hearing and that "counsel argue said motions to the court". The hearing was apparently unreported—we have no transcript.

Prior to the filing of the appellees' motions the case was assigned to Judge Hooker for the purpose of forming a medical liability review panel pursuant to A.R.S. § 12–567. The panel heard the case August 28, 1981. Its decision in favor of each defendant was filed October 20, 1981. However, that decision was set aside on the appellant's motion to allow the parties to present closing arguments. Written memoranda were filed in lieu of oral argument and a second panel decision in favor of the defendants was filed May 12, 1982.

The motions for summary judgment were heard July 19, 1982 and taken under advisement. They were granted September 2, 1982. Thus it can be seen that the panel and the summary judgment proceedings were somewhat overlapping.

█ We must decide whether the matters brought to the court's attention by the appellees show: (1) that there is no genuine dispute as to any material fact, and that only one inference can be drawn from those undisputed material facts, and (2) that based on those undisputed material facts the appellees were entitled to judgment as a matter of law. Rule 56(c), Arizona Rules of Civil Procedure, 16 A.R.S.; *Choisser v. State ex rel. Herman,* 12 Ariz.App. 259, 469 P.2d 493 (1970). We must also view the record in the light most favorable to the appellant. *Choisser, supra.* However, since there was no response to the motions, uncontroverted evidence favorable to the appellees from which only one inference can be drawn will be presumed to be true. *Choisser, ibid; Pitzen's Wig Villa v. Pruitt,* 11 Ariz.App. 332, 464 P.2d 652 (1970); Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S. Also, we need not consider the dep-

ositions which were not brought to the attention of the trial court. *See Choisser, supra; Pitzen's Wig Villa, supra.* Neither the trial court nor this court has a duty to search the record for evidentiary matters which the parties fail to identify.

■ The factual matters contained in the summary judgment motions, i.e., that the appellant complains of an intramuscular injection by a nurse causing damage to the sciatic nerve and that Dr. Griesemer prescribed the drug used in the injection, are all contained in the appellant's complaint or other pleadings filed by him. The question of concern here is whether, as a matter of law, the appellant had to produce evidence that the actions of the nurse and/or the doctor were below the standard of medical care and therefore malpractice.

The trial court implicitly held that expert testimony was necessary and we agree. The Arizona Supreme Court in *Riedisser v. Nelson,* 111 Ariz. 542, 534 P.2d 1052 (1975), stated:

"The question of a physician's skill or failure to use his skill is a material question of fact, and on a motion for summary judgment, the party opposing the motion must show that at trial, [sic] he would be able to show evidence that the physician lacked or did not apply the proper skills."

And *Pendleton v. Cilley,* 118 Ariz. 84, 574 P.2d 1303 (1978) provides:

"It is established that a physician's negligence must be shown by expert medical testimony unless the negligence is so grossly apparent that a layman would have no difficulty in recognizing it. *Harvey v. Kellin,* 115 Ariz. 496, 566 P.2d 297 (1977); *Riedisser v. Nelson,* 111 Ariz. 542, 534 P.2d 1052 (1975); *Boyce v. Brown,* 51 Ariz. 416, 77 P.2d 455 (1938). The burden of establishing negligence must be met both at trial and in opposition to the defendant's motion for summary judgment. *Riedisser,* supra; *Abernethy v. Smith,* 17 Ariz.App. 363, 498 P.2d 175 (1972). We have said that a party opposing a motion for summary judgment must show that evidence is available

which would justify a trial of that issue. *Crocker v. Crocker,* 103 Ariz. 497, 446 P.2d 226 (1968)."

*See also Hunter v. Benchimol,* 123 Ariz. 516, 601 P.2d 279 (1979).

■ The appellant attempts to rely on the doctrine of res ipsa loquitur. That doctrine is not applicable to this fact situation. Res ipsa is essentially a rule of circumstantial evidence where the trier of fact is permitted, but not required, to draw an inference of negligence from the happening of an accident of a kind which experience has shown does not normally occur if due care is exercised. *O'Donnell v. Maves,* 103 Ariz. 28, 436 P.2d 577 (1968).

■ The conditions necessary for the application of the res ipsa loquitur doctrine are:

1. The accident must be of a kind which ordinarily does not occur in the absence of someone's negligence;

2. It must be caused by an agency or instrumentality within the exclusive control of defendant;

3. It must not have been due to any voluntary action on the part of the plaintiff;

4. Plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury. *O'Donnell v. Maves, supra; Tiller v. Von Pohle,* 72 Ariz. 11, 230 P.2d 213 (1951); *Faris v. Doctors Hospital, Inc.,* 18 Ariz.App. 264, 501 P.2d 440 (1972).

■ The res ipsa doctrine will only be applied when it is a matter of common knowledge among laymen or medical men, or both, that the injury would not ordinarily have occurred if due care had been exercised. The mere fact that an occurrence is rare does not lead to the application of the doctrine. There must be evidence that the event or injury is more likely than not, the result of negligence. *Falcher v. St. Luke's Hospital Medical Center,* 19 Ariz.App. 247, 506 P.2d 287 (1973). In determining whether the doctrine applies the court may rely

on both common knowledge and the testimony of expert witnesses. *Harris v. Campbell,* 2 Ariz.App. 351, 409 P.2d 67 (1965). However, unless it is within the realm of the laymen's experience, medical evidence is required to show the plaintiff's injury is of a kind which ordinarily does not occur in the absence of someone's negligence. *Gaston v. Hunter,* 121 Ariz. 33, 588 P.2d 326 (1978); *Riedisser v. Nelson, supra.*

Arizona has applied the res ipsa loquitur doctrine in the following cases. In *Dodson v. Pohle,* 73 Ariz. 186, 239 P.2d 591 (1952), a month old child was burned from a vaporizer, and there was testimony that if the vaporizer was properly used such burns ordinarily would not occur. In *Southern Methodist Hospital and Sanitorium of Tucson v. Wilson,* 51 Ariz. 424, 77 P.2d 458 (1938), a newborn baby was burned by a hot water bottle while in the hospital nursery and the doctrine was invoked. In *Tucson General Hospital v. Russell,* 7 Ariz.App. 193, 437 P.2d 677 (1968), the plaintiff was injured when an x-ray machine fell on her while she was lying on the x-ray table. In *Tiller v. Von Pohle, supra,* the plaintiff submitted to surgery. Two years later the same physician again did surgery in the same area and found a cloth sack there.

The Arizona courts have refused to apply the doctrine of res ipsa loquitur in the following cases. In *Harris v. Campbell, supra,* the plaintiff's vagina shortened after a hysterectomy. The court found that the medical evidence did not support an inference of negligence and that the result was an inherent risk of the operation. In *Faris v. Doctors Hospital, supra,* the plaintiff complained of a herniated disc following a surgical procedure to drain an abscess in the pelvis. The medical opinions were that such condition could be caused by numerous possibilities. The court, therefore, held that there was no evidence that the injury complained of would not have normally occurred in the absence of someone's negligence. In *Falcher v. St. Luke's Hospital Medical Center, supra,* the plaintiff was left by a nurse on a hospital cart and when the nurse returned the patient had fallen off. Neither medical nor lay persons testified

that the event was more probable than not the result of negligence and therefore the doctrine was not followed. In *Riedisser v. Nelson, supra,* pelvic surgery was performed, and the court found that summary judgment was properly granted since the plaintiff failed to establish by medical testimony that the injury ordinarily does not occur in the absence of negligence. In *Gaston v. Hunter, supra,* the patient was injected with a substance to dissolve a herniated lumbar disc. The court refused to apply the doctrine since there was no evidence that the injury complained of would not have normally occurred in the absence of someone's negligence.

■ These cases teach that before the doctrine of res ipsa loquitur may be applied there must first be evidence that a negligent act of the defendant is more likely to cause the injury than any other possible cause. There is no such evidence here. The method of giving an injection or the site of the injection or the drug prescribed, are the proper subjects of medical expertise to assist a lay jury in determining the facts. The burden was on the appellant to establish a standard of care and to prove a deviation from that standard by expert medical testimony unless the deviation is so grossly apparent that a layman would have no difficulty in recognizing it.

The appellant cites *Bardessono v. Michels,* 3 Cal.3d 780, 478 P.2d 480, 91 Cal.Rptr. 760 (1971). The case is inapposite since the plaintiff produced expert testimony concerning the standard of care violated. The California court did hold, however, that since injections do not ordinarily cause trouble unless negligently or unskillfully done, a lay person could rely on his common knowledge and apply the doctrine of res ipsa loquitur. We disagree and find that reasoning inconsistent not only with Arizona law but the vast majority of jurisdictions. *See Bialer v. St. Mary's Hospital,* 83 Nev. 241, 427 P.2d 957 (1967); *Buchanan v. Downing,* 74 N.M. 423, 394 P.2d 269 (1964); *Toy v. Rickert,* 53 N.J.Super. 27, 146 A.2d 510 (1958); *Graham v. St. Luke's .Hospital,*

46 Ill.App.2d 147, 196 N.E.2d 355 (1964); *Crewse v. Munroe,* 224 Or. 174, 355 P.2d 637 (1960); *Southwest Texas Methodist Hospital v. Mills,* 535 S.W.2d 27 (Tex.Civ.App. 1976). *And see* Annot. 45 A.L.R.3d 731 (1972).

The majority and better-reasoned rule is that in cases of this type expert testimony is required to prove that the person giving the injection either did it improperly or injected it in an incorrect site or that the drug should not have been prescribed. No such evidence exists here.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.