**Ester SIMMONS, Appellant–Plaintiff,**

v.

**Victor N. EGWU, M.D., Appellee–Defendant.**

No. 49A02–9511–CV–684.

Court of Appeals of Indiana.

March 12, 1996.

Morris L. Klapper, Klapper Isaac & Parish, Indianapolis, for appellant.

Kevin Charles Murray, Todd J. Kaiser, Sandra Boyd Williams, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Ester Simmons appeals the summary judgment entered against her in her medical malpractice action against Victor N. Egwu, M.D. The sole issue on appeal may be restated as whether Simmons may survive summary judgment without having presented expert testimony that Egwu's treatment fell below the applicable standard of care in the administration of steroid injections to her wrists. We affirm.

## FACTS

The facts in the light most favorable to the nonmovant Simmons reveal that Simmons received treatment from Dr. Egwu, an orthopaedic surgeon, for deQuervain syndrome which he treated with steroid injections. One such injection caused injury to Simmons' left radial sensory nerve.

The medical review panel unanimously found that Dr. Egwu's treatment did not fall below the applicable standard of care. Dr. Egwu moved for summary judgment on this basis. Simmons did not present expert medical testimony to rebut the opinion of the medical review panel. The trial court entered summary judgment in favor of Dr. Egwu, and this appeal ensued.

## DECISION

In a medical malpractice action, substantive law requires expert opinion as to the existence and scope of the standard of care which is imposed upon physicians and as to whether particular acts or omissions measure up to the standard of care. *Bassett v. Glock,* 174 Ind.App. 439, 368 N.E.2d 18, 23 (Ind.App.1977). A unanimous opinion of the medical review panel that the defendant did not breach the applicable standard of care is ordinarily sufficient to negate the existence of a genuine issue of material fact entitling the physician to summary judgment. *McGee v. Bonaventura,* 605 N.E.2d 792, 794 (Ind. App.1993).

Nonetheless, expert opinion evidence is not always required in medical malpractice cases. *Malooley v. McIntyre,* 597 N.E.2d 314, 318 (Ind.App.1992). Cases not requiring expert testimony are those fitting the "common knowledge" or res ipsa loquitur exception. *Id.* at 318–319. Application of this exception is limited to situations in which the complained-of conduct is so obviously substandard that one need not possess medical expertise in order to recognize the breach of the applicable standard of care. *Id.* at 319. Otherwise, expert opinion is required when the question involves the delicate inter-relationship between a particular medical procedure and the causative effect of that procedure upon a given patient's structure, endurance, biological makeup, and

pathology. *Id.* The sophisticated subtleties of the latter question are not susceptible to resolution by resort to mere common knowledge. *Id.*

Simmons relies on a few cases from other jurisdictions to support her assertion that expert testimony should not be required to sustain a medical malpractice action based on an injury caused by a hypodermic injection. Simmons relies primarily upon the following language from *Bauer v. Otis,* 133 Cal.App.2d 439, 284 P.2d 133 (1955):

> ... it is a matter of common knowledge among laymen that injections in the muscles of the arm, as well as other portions of the body, do not cause trouble unless unskillfully done or there is something wrong with the serum. Needle injections of cold shots, penicillin, and many other serums have become commonplace today. Hardly a man, woman or child (even those of tender age) exists in this country who has not had injections of one kind or another. Many persons have had numerous injections. Right now, thousands of children have received, and it is planned that practically all children shall receive (and possibly most adults) injections of Salk polio vaccine. So the giving and receiving of injections and the lack of nerve injury therefrom ordinarily has become a matter of common knowledge. If something does go wrong it is a matter for explanation by the person causing the injury.

284 P.2d at 136.

Dr. Egwu counters with *McWain v. Tucson General Hospital,* 137 Ariz. 356, 670 P.2d 1180 (Ariz.App.1983), in which the court held:

> The method of giving an injection or the site of the injection or the drug prescribed, are the proper subjects of medical expertise to assist a lay jury in determining the facts.

The *McWain* court disagreed with cases from other jurisdictions that had held that expert testimony would not be required to establish the applicable standard of care in the administration of injections, noting:

> [w]e disagree and find that reasoning inconsistent not only with Arizona law but

the vast majority of jurisdictions. [citing cases from six other states along with Annot. 45 A.L.R.3d 731 (1972)].

The majority and better-reasoned rule is that in cases of this type expert testimony is required to prove that the person giving the injection either did it improperly or injected it in an incorrect site or that the drug should not have been prescribed.

670 P.2d at 1184–1185.

We cannot conclude that the administration of a steroid injection in the treatment of deQuervain syndrome to be a matter which falls within the "common knowledge" exception. Therefore, in order to stave off summary judgment, Simmons was required to present expert medical testimony to rebut the opinion of the medical review panel. The trial court correctly entered summary judgment in favor of Dr. Egwu and we find no error.

Judgment affirmed.

NAJAM and DARDEN, JJ., concur.