**NOT FOR PUBLICATION**

JUL 6 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL THOMPSON, | No. 09-17421 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00605-SRB-CRP |
| v. | |
| FRANK LUNA, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Carl Thompson, an Alaska state prisoner, appeals pro se the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his hand injuries and state law claims. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court properly granted summary judgment for defendant Luna because Thompson failed to raise a genuine dispute of material fact as to whether Luna "participated in or directed the [alleged] violations, or knew of the [alleged] violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or whether "a policy or custom . . . played a part in the [alleged] violation[s]," *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

The district court properly granted summary judgment for defendant Ortiz because Thompson failed to raise a genuine dispute of material fact as to whether Ortiz knew of and disregarded an excessive risk to Thompson's health and safety. *See Toguchi v Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" (brackets in original) (citation omitted)).

The district court properly granted summary judgment on Thompson's state law claims because Thompson failed to rebut with expert medical testimony defendants' showing that they met the appropriate standard of care and did not cause or aggravate his hand injuries. *See Trombley v. Starr-Wood Cardiac Group, PC*, 3 P.3d 916, 919 (Alaska 2000) ("[E]xpert testimony is needed to establish

medical malpractice claim" except "in non-technical situations where negligence is evident to lay people." (citation and internal quotation marks omitted)); *see also Riedisser v. Nelson*, 534 P.2d 1052, 1054 (Ariz. 1975) (same legal standard for medical malpractice claim under Arizona law).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (a district court need not grant leave to amend where amendment would be futile).

Thompson's remaining contentions are unpersuasive.

Thompson's request for sanctions is denied.

**AFFIRMED.**